UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MICHAEL STEELE-EL,

        Plaintiff,

v.

VALVOLINE INSTANT OIL CHANGE,
RONALD SMITH, RACHEL ELMORE, and
ALEXIS KASACAVAGE,

        Defendant.
                                              /

Case No. 18-12277
Honorable Denise Page Hood

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ("AFFIDAVIT OF TRUTH") [ECF No. 39], ORDER DISMISSING ORDER TO SHOW CAUSE ISSUED ON NOVEMBER 21, 2019 [ECF No. 38], and ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

**I.    INTRODUCTION**

On July 20, 2018, *pro se* Plaintiff filed this cause of action, and his application to proceed in forma pauperis was granted. Plaintiff alleges that he was employed by Defendant Valvoline Instant Oil Change ("Valvoline) from August 16, 2017 until being terminated on or about January 4, 2018. Plaintiff has filed claims against Valvoline and the other Defendants (Ronald Smith, Rachel Elmore, and Alexis Kasacavage) for: (1) Breach of Contract - Federal Laws/Constitution; (2) Fraud; (3)

Defamation; (4) Intentional Infliction of Emotional Distress; and (5) Harassment. [Dkt. No. 1] Plaintiff's Complaint also contains a paragraph alleging that he was discriminated against in his employment pursuant to: (a) Title VII of the Civil Rights Act, (b) Title 18, Part 1, Chapter 13 §§ 241, 242, and 245 of the United States Codes of Law; (c) Executive Order No. 13798 § 4 and 82 Fed. Reg. 21675; (d) the Universal Declaration of Human Rights Articles 1 and 2; (e) the Declaration of the Rights of Indigenous Peoples Articles 2 and 3; and (f) the Treaty of Peace and Friendship of 1787 and 1836. *Id.* at ¶7.

On September 24, 2019, the Court granted Defendant Rachel Elmore's Motion to Dismiss. ECF No. 37. On November 21, 2019, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute as to Defendant Ronald Smith. ECF No. 38. On December 10, 2019, Plaintiff filed an "Affidavit of Truth" on the docket. ECF No. 39. On December 27, 2019, a document prepared by Plaintiff titled "Notice of Appeal" was filed on the docket. ECF No. 41.

## II. ANALYSIS

### A. Motion for Reconsideration

In his Affidavit of Truth, Plaintiff seeks to void or vacate the Court's order granting Defendant Elmore's Motion to Dismiss, a request the Court finds to be a motion for reconsideration. "A motion for rehearing or reconsideration must be filed

within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

Plaintiff's request is untimely, even if he did not receive or review the Court's September 24, 2019 Order until November 6, 2019 (as he indicates). *See* ECF No. 39, PgID 595. Both of the dates are more than 30 days prior to December 10, 2019, when

Plaintiff filed his Affidavit of Truth. *See* E.D. Mich. L.R. 7.1(h)(1). The Court also finds that Plaintiff has demonstrated no palpable defect by which the Court and the parties have been misled or how correcting any defect would result in a different disposition of the case as it relates to Defendant Elmore. *See* E.D. Mich. L.R. 7.1(h)(3). Accordingly, for all of the reasons stated above, Plaintiff's request that the Court void or vacate the Court's order dismissing Defendant Elmore is denied.

**B.	Discovery**

Plaintiff "demand[s]" a number of documents from the Court and Defendants." ECF No. 39, PgID 592. The Court finds no legal basis for the documents demanded, nor any reason such documents are relevant to the instant proceeding. Accordingly, Plaintiff's "demand" is denied.

**C.	"Affidavit" to Recuse the Undersigned**

Plaintiff argues that the undersigned has "violated [his] personal liberties and has wantonly refused to provide due process and equal protection before the court . . . ." ECF No. 39, PgID 592. Plaintiff states that "[m]y claims under International Laws were dismissed by Denise Page Hood. Therefore, I respectfully demand Denise Page Hood to recuse herself for the unethical and unlawful conduct and conflict of interest which gives Plaintiff good reason to believe that Denise Page Hood cannot hear the above case in a fair and impartial manner." *Id.* at 593.

4

Recusal in the federal courts is governed primarily by the federal recusal statute, 28 U.S.C. § 455. *Bell v. Johnson,* 404 F.3d 997, 1004 (6th Cir. 2005). The trial judge herself must rule on a motion to recuse under 28 U.S.C. § 455. *See In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988) ("Discretion is confided in the district judge in the first instance to determine whether to disqualify [herself]."). Sixth Circuit cases have noted that a recusal motion is committed to the sound discretion of the district court and the standard of review is whether the court abused its discretion. *Wheeler v. The Southland Corp.,* 875 F.2d 1246, 1251 (6th Cir. 1989); *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir. 1990); *Easley v. University of Michigan Bd. of Regents,* 853 F.2d 1351, 1356-58 (6th Cir. 1988); *United States v. Sturman,* 951 F.2d 1466 (6th Cir. 1991); *Rhodes v. McDaniel,* 945 F.2d 117 (6th Cir. 1991); *In re Aetna Cas. & Sur. Co.,* 919 F.2d 1136 (6th Cir. 1990). Section 455(a) is the "catchall" recusal provision which states, "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Prejudice or bias sufficient to justify recusal must be personal or extrajudicial. *In re M. Ibrahim Khan, P.S.C.,* 751 F.2d 162, 164 (6th Cir. 1984). "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson,* 922 F.2d 311, 319-20 (6th Cir. 1990). Personal bias finding its source in the

judge's view of the law is not sufficient to warrant disqualification. *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir.1983). Disagreement with a judge's decision or ruling is not a basis for disqualification. *Liteky v. United States,* 510 U.S. 540, 555-56 (1994).

In this case, Plaintiff disagrees with the undersigned's decision to dismiss his case against one Defendant. Plaintiff has not shown that the Court is personally biased against him or his cause of action. Accordingly, Plaintiff's demand that the undersigned recuse herself is denied.

**D.     Notice of Right to "Consul" and Change of Mailing Location**

Plaintiff indicates that his counsel in this matter will be Nintu Xi Al Shama Gilmore and that any notices should be directed to a mailing address affiliated with the same person (Nintu Xi Al Shama Gilmore Bey). The Court has reviewed the attorneys admitted to the State of Michigan and the attorneys admitted to the Eastern District of Michigan. Nintu Xi Al Shama Gilmore Bey does not appear among the attorneys admitted in either jurisdiction. As a person must be represented by a licensed attorney admitted to the Eastern District of Michigan or appear *pro se* (as Plaintiff has done so far in this matter), the Court will not recognize Nintu Xi Al Shama Gilmore Bey as Plaintiff's attorney, nor will the Court change Plaintiff's address of record on the docket. Accordingly, the Court denies Plaintiff's requests:

(a) regarding the appointment of Nintu Xi Al Shama Gilmore Bey as Plaintiff's legal counsel;[1] and (b) that the Court direct any notices to the address affiliated with Nintu Xi Al Shama Gilmore Bey.[2]

E. **Order to Show Cause**

On November 21, 2019, the Court issued an Order to Show Cause to Plaintiff. ECF No. 38. The Order to Show Cause stated:

> IT IS HEREBY ORDERED that Plaintiff(s) SHOW CAUSE, in writing, by 12/12/2019, why the above-entitled case should not be dismissed for failure to prosecute, pursuant to E.D. Mich LR 41.2. Failure to respond may result in dismissal of the case.

In his Affidavit of Truth, Plaintiff does not mention or respond to the Court's Order to Show Cause, nor has Plaintiff filed any other document expressly addressing the Order to Show Cause. The only information potentially responsive to the Order to

---

[1] "An attorney must appear before representing a person or a party, except for practice permitted under LR 83.20(i)(1)(D) or (E). An attorney appears and becomes an attorney of record
by filing a pleading or other paper or a notice of appearance. The attorney's office address, e-mail address, and telephone number must be included in the appearance." E.D. Mich. L.R. 83.25(a).

[2] "Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." E.D. Mich. L.R. 11.2. Or, as stated in the Eastern District of Michigan's Pro Se Handbook ("Filing your Lawsuit in Federal Court"), "You must notify the Court and all parties, in writing, of any change in your address or contact information. Failure to do so may result in dismissal of your case." *See* page 10.

Show Cause is the "proof of service" for Defendant Ronald Smith, showing that Plaintiff complied with the Court's order granting Plaintiff's Motion for Alternate Service. The proof of service shows that Defendant Smith was served on or about November 21, 2019. As Plaintiff filed the Affidavit of Truth and served Defendant Smith, the Court will not dismiss his cause of action at this time and dismisses the Order to Show Cause issued on November 21, 2019.

Other than causing Defendant Smith to be served, however, the Court finds that Plaintiff has not demonstrated, or engaged in actions, that show he is prosecuting this cause of action. Plaintiff has taken no further action with respect to Defendant Smith, even though Defendant Smith has not filed an answer nearly three months after he was served. There also is no evidence that Plaintiff has taken any action with respect to any of the other remaining Defendants (Valvoline Instant Oil Change and Alexis Kasacavage). For these reasons, the Court finds that Plaintiff has failed to prosecute his cause of action. Accordingly, the Court concludes it is necessary to again order Plaintiff to show cause why his cause of action should not be dismissed for failure to prosecute, as follows:

> IT IS HEREBY ORDERED that Plaintiff SHOW CAUSE, in writing, by April 30, 2020, why the above-entitled case should not be dismissed for failure to prosecute, pursuant to E.D. Mich LR 41.2. Failure to respond may result in dismissal of the case.

## III. CONCLUSION

Accordingly, for the reasons stated above,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (Affidavit of Truth) [ECF No. 38] is DENIED IN ITS ENTIRETY.

IT IS FURTHER ORDERED that the Order to Show Cause issued on November 21, 2019 [ECF No. 39] is DISMISSED.

**IT IS FURTHER ORDERED that Plaintiff SHOW CAUSE, in writing, by April 30, 2020, why the above-entitled case should not be dismissed for failure to prosecute, pursuant to E.D. Mich LR 41.2. Failure to respond may result in dismissal of the case.**

IT IS ORDERED.

Dated: March 23, 2020

s/Denise Page Hood
United States District Judge